### GONZÁLEZ v. COLLAZO.

### APPEAL from the District Court of Aguadilla.

No. 581.—Decided March 13, 1911.

OWNERSHIP—DOMINION TITLE—ADJUDICATION OF SAME ESTATE TO DIFFERENT CREDITORS.—Where the same estate has been awarded to different creditors and it is not recorded in the registry of property, the ownership shall belong to the one who in good faith was the first in the possession thereof, and especially so if his title is the oldest.

APPEAL—CONTRADICTORY EVIDENCE.—The appreciation made by the lower court in cases of contradictory evidence must be accepted by the appellate court, unless it be shown that the said court was actuated by passion, prejudice, or bias, or that it committed manifest error.

The facts are stated in the opinion.

*Mr. Carlos Franco Soto* for appellant.

*Messrs. Augusto Mallaret* and *A. Reichard* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action to establish priority in the ownership and possession of a rural property. The complaint was originally filed in the Municipal Court of San Sebastián, alleging, briefly, that Juan González Mercado had prosecuted a suit against Emilia Guzmán for the recovery of a sum of money; that he obtained a judgment in his favor, and for the satisfaction of this judgment a certain rural property, composed of 34 *cuerdas* of land belonging to Emilia Guzmán, was awarded to him for the sum of $490. The award

was made to appear in a public instrument executed on June
19, 1908, which instrument could not be admitted to record
in the registry of property because the property so awarded
was not recorded therein; and, on June 16, 1908, the mar-
shal, in compliance with an order issued by the municipal
court, delivered possession of the said property to the plain-
tiff.

It is further alleged in the complaint that, on July 29,
1908, the defendant, José Collazo Bracero, in an action prose-
cuted by him against the said Emilia Guzmán for the recov-
ery of a sum of money, had been awarded, at public sale,
the same property, consisting of 34 *cuerdas,* for the sum of
$190 and the costs, and the corresponding public deed was
thereupon executed; that, on August 10, 1908, the defendant
was placed in possession of said property by a delegate of
the marshal of the District Court of Aguadilla, and that the
plaintiff has been in possession of the property and pro-
tested against the acts of ownership which defendant has
attempted to exercise thereon, to the impairment of his
rights.

The complaint concludes with a prayer that the court
adjudge that his title and right to the ownership and posses-
sion of the property are in all respects better than those of
the defendant; that defendant's title is null and void in
respect to plaintiff, and that defendant and his employes
and agents be enjoined from disturbing the plaintiff in the
enjoyment of the quiet and peaceful ownership and posses-
sion of the said property.

The defendant alleged that the complaint did not state
facts sufficient to constitute a cause of action, and at the
same time answered the complaint making a general and
specific denial of all the facts therein alleged which might
be contrary to those set forth in his answer. These facts are
briefly as follows: That the defendant, on October 1, 1907,
filed a suit against Emilia Guzmán in the Municipal Court
of Lares for the recovery of a sum of money, and on Octo-

ber 25, 1907, obtained a judgment in his favor, from which an appeal was taken to the District Court of Aguadilla and affirmed on April 1, 1908; that Juan González Mercado, the plaintiff, connived with Emilia Guzmán so that he should appear as her feigned creditor and commence a collateral proceeding to defeat the purpose of defendant's suit, and to that end the said González Mercado, with fraudulent intent, filed a suit subsequently to that brought by the defendant and obtained a judgment for the execution of which the property, consisting of 34 *cuerdas* described in the complaint, was awarded to him, and that this property is a different one from that acquired by the defendant; that the judgment obtained by the plaintiff is subsequent to that obtained by defendant; that the plaintiff is not in possession of the property awarded to defendant, and that the defendant is in good faith enjoying the peaceful possession thereof.

The municipal court overruled the demurrer filed by defendant and, as a result of the pleadings and the evidence, rendered judgment in favor of the plaintiff. An appeal having been taken from this judgment to the District Court of Aguadilla, the latter also overruled the demurrer, and, after holding a new trial on the pleadings and the evidence, rendered judgment in favor of the plaintiff on April 21, 1910, from which this appeal was taken.

We have carefully examined the transcript of the record and the brief of the appellant, which is the only brief filed, and in our opinion the complaint states facts sufficient to constitute a cause of action, and the judgment is a just one and should be affirmed.

It appears from the record that the plaintiff and the defendant held two titles of ownership, which appear in public instruments not recorded in the registry of property, and both obtained by virtue of judicial decrees in their favor in actions for the recovery of money prosecuted against the same person. The plaintiff alleges that these titles refer to the same rural property, and the defendant maintains that

they refer to two different properties. The case having been submitted to the court and evidence heard on that point, the said court decided the conflict in favor of the contention that both titles referred to the same property.

This conclusion having been reached, it was necessary to decide which was the better title, which should subsist; and which should be set aside, and which of the parties should obtain the full ownership and possession of the property involved.

Section 1376 of the Revised Civil Code reads as follows:

"If the same thing should have been sold to different vendees the ownership shall be transferred to the person who may have first taken possession thereof in good faith, if it should be personal property.

"Should it be real property, it shall belong to the person acquiring it who first recorded it in the registry.

"Should there be no entry, the property shall belong to the person who first took possession of it in good faith, and, in the absence thereof, to the person who presents the oldest title, provided there is good faith."

Applying the section above quoted and considering the evidence introduced, the court held that, inasmuch as real property not recorded in the registry was involved in this case, the said property belonged to the plaintiff, who alleged and proved that he was the first who had entered upon the possession thereof in good faith. "It has not been proved," said the judge of the district court in his judgment, "that the plaintiff obtained possession in bad faith of the property which he now holds, and he entered upon the possession thereof before the defendant, and the title presented by the plaintiff is, moreover, prior to that of the defendant."

We have carefully examined the evidence introduced at the trial and do not find that the court below, in finding in favor of the plaintiff, was actuated by passion, prejudice, or partiality, or had committed manifest error, and therefore

its findings upon the evidence must prevail and be accepted as just and proper.

The appeal should be dismissed and the judgment appealed from, affirmed.

*Affirmed.*

Chief Justice Hernández and Justice Wolf concurred.

Justices MacLeary and Aldrey did not take part in the decision of this case.